# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARK PATRICK FRANKE #1778731** | § | |
| | § | |
| **V.** | § | **A-21-CV-775-RP-SH** |
| | § | |
| **DETECTIVE A. CORNISH, et al.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff Mark Patrick Franke's civil rights complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. STATEMENT OF THE CASE

On February 29, 2012, Plaintiff was convicted of engaging in organized criminal activities in Tom Green County and sentenced to 25 years in prison. While on parole in that case, Plaintiff was arrested and convicted in federal court of possession of a firearm by a felon. *See United States v. Franke*, No. A-18-CV-362-LY (W.D. Tex.). On September 19, 2019, the Honorable Lee Yeakel sentenced Plaintiff to 120 months' imprisonment. After he was sentenced in federal court, Plaintiff's parole was revoked, and he was transferred to the Travis County State Jail. Plaintiff was subsequently transferred to the Jester III Unit, where he was incarcerated when he filed his complaint pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that he was arrested on May 10, 2018, in Travis County, Texas. The presentence investigation report filed in his federal criminal case indicates that Plaintiff was injured during his arrest when he fled. Plaintiff complains that the Austin police officers who arrested him used excessive force. Plaintiff asserts his left wrist was broken, his bones dissolved due to lack of medical care, and his upper chest muscles were torn from his shoulder muscles and biceps. He sues Detective A. Cornish #5620, Officer D. Perez #6676, Officer R. Kidd #4988, Officer I. Figueroa #6774, Officer C. Duck #6771, Detective R. Lutey #5654, Detective M. Fickel #5629, and Officer F. Paige #7326. He seeks damages for medical expenses, mental health, lifelong disability, and pain and suffering. He also seeks a declaratory judgment that excessive force was used, injunctive relief to "fix any and all medical issues from injuries," punitive damages, and court costs.

## II. DISCUSSION AND ANALYSIS

### A.  Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.      Statute of Limitations

The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).

Federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff alleges that excessive force was used against him at the time of his arrest on May 8, 2018. Plaintiff's complaint alleges that he knew the critical facts of his claim at the time of his arrest. He states that he never ran from any police, complied with all orders from the police, and excessive force was used against him after he was handcuffed. Accordingly, Plaintiff's claim accrued the day the officers allegedly used excessive force and the statute of limitations expired in May 2020, more than a year before he filed his complaint.

## III. RECOMMENDATION

The undersigned therefore recommends that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) because it is barred by limitations.

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 23, 2021.

                                                                 SUSAN HIGHTOWER
                                                                 UNITED STATES MAGISTRATE JUDGE