UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK PATRICK FRANKE #1778731 | § | |
| | § | |
| V. | § | A-21-CV-775-RP |
| | § | |
| DETECTIVE A. CORNISH, et al. | § | |

**ORDER**

Before the Court is Plaintiff Mark Patrick Franke's amended civil rights complaint. Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. After consideration of Plaintiff's amended complaint, it is dismissed.

I. STATEMENT OF THE CASE

At the time Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983, he was confined in the Jester III Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). He is currently in federal custody and is confined in FCI Big Spring.

On February 29, 2012, Plaintiff was convicted of engaging in organized criminal activities in Tom Green County and sentenced to 25 years in prison. While on parole in that case, Plaintiff was arrested and indicted in Travis County for possession with intent to deliver a controlled substance (methamphetamine) and unlawful possession of a firearm by a felon. *See State v. Franke*, Nos. D-1-DC-18-203307 and D-1-DC-18-203308.

Plaintiff was taken into federal custody on February 15, 2019. *See United States v. Franke*, No. A-18-CV-362-LY (W.D. Tex.) (Arrest of Mark Franke). The state charges were dismissed July 9, 2019, due to Plaintiff's indictment in federal court for the same conduct,

possession with intent to distribute 50 grams or more of methamphetamine (Count 1) and possession of a firearm by a felon (Count 2). *Id.* (ECF #1). Pursuant to a plea agreement, Plaintiff pleaded guilty to Count 2 of the indictment. *Id.* (ECF #31). On September 19, 2019, the court sentenced Plaintiff to 120 months' imprisonment on Count 2 and dismissed Count 1.

After Plaintiff was sentenced, he was returned to state custody, his parole was revoked, and he was transferred to TDCJ. Plaintiff notified the Court on July 21, 2022, that he was released from state custody and is now in federal custody.

According to Plaintiff, he was arrested on May 10, 2018, in Travis County, Texas. Plaintiff complains Austin police officers used excessive force when they arrested him. Plaintiff reports his left wrist was broken, his bones dissolved due to lack of medical care, and his upper chest muscles were torn from his shoulder muscles and biceps.

In his original complaint, signed on April 2, 2021, Plaintiff sued Detective A. Cornish #5620, Officer D. Perez #6676, Officer R. Kidd #4988, Officer I. Figueroa #6774, Officer C. Duck #6771, Detective R. Lutey #5654, Detective M. Fickel #5629, and Officer F. Paige #7326. He sought damages for medical expenses, mental health, lifelong disability, and pain and suffering. He also sought a declaratory judgment that excessive force was used, injunctive relief to "fix any and all medical issues from injuries," punitive damages, and court costs.

On September 23, 2021, the Magistrate Court issued a report and recommendation, recommending that Plaintiff's complaint be dismissed with prejudice as frivolous. The Magistrate Court explained Plaintiff failed to timely file his complaint. Over Plaintiff's objection, the Court adopted the report and recommendation but dismissed the complaint without prejudice to filing an amended complaint. Plaintiff was granted an extension of time to file an amended complaint to address whether the limitations period should be tolled.

In his amended complaint, signed on December 27, 2022, Plaintiff reasserts his claims against the arresting officers. Plaintiff also adds John Doe #1 (a masked agent for the lead unit), John Doe #2 (the transport officer), the Medical Director for the Travis County Correctional Complex in Del Valle, Texas (TCCC), the Attending Physician at TCCC, the Medical Director for the Bastrop County Jail, the Attending Physician at the Bastrop County Jail, Medical Director for the Travis County State Jail Michael Zhao, and Attending Physician at the Travis County State Jail Zae Y. Zeon. Plaintiff seeks a declaratory judgment that his constitutional rights were violated and compensatory damages in the amount of $20 million.

## II.   DISCUSSION AND ANALYSIS

### A.   Standard under 28 U.S.C. § 1915(e)

As explained previously, an *in forma pauperis* proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.     Statute of Limitations

Plaintiff's claims against the arresting officers, the transport officer, and the medical providers at the TCCC and Bastrop County Jail are barred by limitations. The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994). However, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff alleges excessive force was used against him at the time of his arrest on May 10, 2018. He claims the transport officer ignored his pleas of help and that he was in serious need of medical attention when the officer stated to hospital staff that Plaintiff can get medical care at the jail. Plaintiff further states the transport officer did not make clear to jail staff that Plaintiff needed immediate medical attention. Plaintiff alleges he pleaded with medical staff at the jail that he was in serious need of medical attention and was told he could have his medical issues looked at when he was released. According to Plaintiff, medical staff ignored his complaint of pain and discomfort for two months. He alleges he was scheduled for an orthopedic consultation. He states he found out the extent of his injuries to his left shoulder on September 20, 2018, and had shoulder surgery in November 2018. He was transferred to Bastrop County when taken into federal custody on February 15, 2019, and released to the State shortly after he was sentenced in federal court in September 2019. Plaintiff was transferred to

TDCJ on November 21, 2019. According to Plaintiff, he became aware of the extent of his injuries to his right shoulder and left hand on February 20, 2020, while in TDCJ custody.

Plaintiff's complaint shows he knew the critical facts of his claims against the arresting officers at the time of his arrest and knew the critical facts of his claims against the transport officer at the time he was transferred from the hospital to TCCC. Accordingly, Plaintiff's claims accrued the day the officers allegedly used excessive force on him and the day he was transferred from the hospital to TCCC. Therefore, the statute of limitations expired in May 2020, more than a year before Plaintiff filed his original complaint.

In his amended complaint, Plaintiff added as defendants the medical directors and attending physicians at the TCCC and Bastrop County Jail. Plaintiff's claims against these new defendants accrued before his transfer to TDCJ in November 2019. Thus, the limitations period expired no later than November 2021. Plaintiff did not sign his amended complaint until December 27, 2022, more than a year after the limitations period had expired.

Alternatively, even if Plaintiff's claims did not accrue until Plaintiff had a consultation in TDCJ in January 2020 or received the results of his consultation in February 2020, his claims are still time-barred. Plaintiff waited more than two years after these events before he filed his amended complaint, adding the new defendants.

Plaintiff's amended complaint does not relate back to his original complaint for the newly named defendants. Rule 15(c)(1)(A) allows an amended pleading to relate back when "the law that provides the applicable statute of limitations allows relation back." Here, the applicable statute of limitations comes from Texas. But Texas law does not allow relation back in this section 1983 context. *Allen v. Hays*, 65 F. 4th 736, 751 (5th Cir. 2023).

Rule 15(c)(1)(C) allows relation back where, among other requirements, the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* (quoting *Balle v. Nueces Cnty.*, 952 F.3d 552, 556 (5th Cir. 2017). This exception has been construed narrowly, generally extending to errors "such as misnomer and misidentification." *Quinn v. Guerrero*, 863 F.3d 353, 363 (5th Cir. 2017). It does not apply in the present situation, where Plaintiff merely decided to add claims against Travis County and Bastrop County medical providers after the Court initially dismissed Plaintiff's claims for excessive force against the law enforcement officers from the City of Austin.

    C.    <u>Medical Treatment at TDCJ</u>

In his amended complaint Plaintiff also added as defendants medical providers from the Travis County State Jail. Plaintiff's claims against Dr. Michael Zhao and Dr. Zae Y. Zeon are not clear. Plaintiff only alleges Dr. Zhao informed Plaintiff of the extent of his injuries to his right shoulder and left hand in January 2020, shortly after his arrival at the Travis County State Jail and shortly before the start of the COVID-19 pandemic. Plaintiff makes no allegations regarding Dr. Zeon.

In 1976, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion)). The Fifth Circuit has long since held that a prisoner "can demonstrate an Eighth Amendment violation by showing that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Easter v.*

*Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (per curiam) (quoting *Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001)).

The circuit has held that a "serious medical need is one for which treatment has been recommended," *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006), and that an inmate "can demonstrate an Eighth Amendment violation by showing that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for [his] serious medical needs.'" *Easter*, 467 F.3d at 464 (quoting *Domino*, 239 F.3d at 756).

Although Plaintiff complains that he was "finally transported out of [the] Travis County [State] Jail to receive his much needed and awaited right shoulder repair" on February 26, 2021, Plaintiff does not allege the delay was caused by either Dr. Zhao or Dr. Zeon. Importantly, Plaintiff does not allege that either doctor refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any conduct whatsoever to clearly evince a wanton disregard for Plaintiff's serious medical needs. As such, Plaintiff fails to state a claim for which relief may be granted against Dr. Zhao or Dr. Zeon.

## III.  CONCLUSION

Plaintiff's claims against the arresting officers, the transport officer, and the medical providers at the TCCC and Bastrop County Jail are barred by limitations. Plaintiff does not allege a constitutional violation against either Dr. Zhao or Dr. Zeon.

It is therefore **ORDERED** that Plaintiff's claims brought against Defendants Cornish, Perez, Kidd, Figueroa, Duck, Lutey, Fickel, Paige, John Doe #1, Transport Agent John Doe #2, the Medical Director for the TCCC in Del Valle, Texas, the Attending Physician at TCCC, the Medical Director for the Bastrop County Jail, and the Attending Physician at the Bastrop County

Jail are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e) because they are barred by limitations.

It is further **ORDERED** that Plaintiff's claims brought against Defendants Zhao and Zeon are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

It is further **ORDERED** that Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on August 2, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE